# NO. 12-23-00252-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *PAMELA ASH GRAHAM,*<br>*APPELLANT* | § | *APPEAL FROM THE 349TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *HOUSTON COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Pamela Ash Graham appeals following the revocation of her deferred adjudication community supervision. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm the trial court's judgment.

## BACKGROUND

Appellant was charged by indictment with two counts of forgery and pleaded "guilty" to count one pursuant to a plea bargain agreement. The trial court deferred finding Appellant "guilty" and placed her on community supervision for five years. The State subsequently filed a motion to adjudicate guilt and proceed with sentence, alleging that Appellant violated certain terms and conditions of her community supervision. Specifically, the State contended that Appellant failed to (1) abstain from using alcohol, narcotics, or other controlled substances on nine separate

occasions; (2) report to her community supervision officer; (3) be courteous, respectful, and cooperative when reporting to her community supervision officer; (4) submit to a substance abuse evaluation and follow counseling and treatment recommendations; (5) participate in a community service restitution program for a minimum of ten hours per month; (6) pay court-appointed attorney's fees in monthly installments; (7) pay the monthly supervision fee; (8) pay court costs to the court clerk; (9) pay the crime victims compensation fund; (10) pay a transfer fee; and (11) pay restitution in monthly installments as ordered.

At the hearing on the State's motion to adjudicate guilt, Appellant pleaded "true" to numerous violations but pleaded "not true" to four of the alleged violations. In support of its motion, the State elicited testimony from five community supervision officers, as well as an "indirect case manager." Appellant testified on her own behalf. At the conclusion of the hearing, the trial court found that Appellant violated the terms and conditions of her community supervision, revoked her community supervision, adjudicated her "guilty" of forgery, and sentenced her to imprisonment in a state jail facility for two years.[1] This appeal followed.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders* and *Gainous*, stating that he diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. He further relates that he is well acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief presents a chronological summation of the procedural history of the case and further states that Appellant's counsel is unable to raise any arguable issues for appeal.[2] We conducted an independent review of the record and found no reversible error. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). We conclude that the appeal is wholly frivolous.

---

[1] The trial court found one of the violations to which Appellant pleaded "not true" to be "not true."

[2] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of her right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file her own brief. The time for filing such a brief has expired, and no pro se brief has been filed.

## CONCLUSION

As required by **Stafford v. State**, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel has moved for leave to withdraw. *See also* **In re Schulman**, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having concluded that this appeal is wholly frivolous, we **grant** counsel's motion for leave to withdraw and **affirm** the trial court's judgment. *See* TEX. R. APP. P. 43.2(b).

Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise her of her right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; **In re Schulman**, 252 S.W.3d at 411 n.35. Should Appellant wish to seek discretionary review of this case by the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review on her behalf or file a pro se petition for discretionary review. *See* **In re Schulman**, 252 S.W.3d at 408 n.22. Any petition for discretionary review must be filed within thirty days from the date of either this opinion, or if a motion for rehearing is filed, the date that the last timely motion for rehearing is overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See* TEX. R. APP. P. 68.4; **In re Schulman**, 252 S.W.3d at 408 n.22.

Opinion delivered August 15, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 15, 2024**

**NO. 12-23-00252-CR**

**PAMELA ASH GRAHAM,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 349th District Court

of Houston County, Texas (Tr.Ct.No. 20CR042)

---

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*